IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHAEL DISTANCE, # 360-128 | * | |
| Petitioner | * | Civil Action No.  RDB-12-2799 |
| | | Criminal Action No. RDB-08-597 |
| v | * | |
| UNITED STATES OF AMERICA | * | |
| Respondent | * | |
| | *** | |

**MEMORANDUM OPINION**

Pending is Motion to Vacate, Set Aside or Correct under 28 U.S.C. § 2255 filed by Petitioner Michael Distance ("Distance"), challenging his conviction as a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g).  The government has responded, requesting dismissal of the Motion as time-barred.  ECF No. 98. Distance was granted twenty-eight days to reply (ECF No.  96), but has not done so.

**PROCEDURAL HISTORY**

On December 18, 2009, Distance was charged in a two-count indictment with distribution and possession with intent to distribute a controlled substance (Count One) and possession of a firearm after having been previously convicted of a crime punishable by more than a year imprisonment (Count Two). On August 18, 2009, he was convicted on Count Two (Count One having been previously dismissed) after a two-day jury trial. On October 23, 2009, Distance was sentenced to 210 months imprisonment. ECF No. 72. On December 9, 2010, the United States Court of Appeals for the Fourth Circuit affirmed the judgment. ECF  No. 84. On March 9, 2011, Distance petitioned for a Writ of Certiorari. Court of Appeals Docket No. 60. On June 6, 2011, the Supreme Court of the United States denied the Petition for Certiorari. See 131 S. Ct. 2976

(Mem) (June 6, 2011). Petitioner filed the instant Motion to Vacate on July 22, 2011. ECF No. 91, 95.

## DISCUSSION

Motions filed under 28 U.S.C. § 2255 must be filed within one year of the date the judgment of conviction becomes final. *See* 28 U.S.C. § 2255(f). Under the facts presented here, Distance's conviction became final on June 6, 2011, when his Petition for Certiorari was denied. Consequently, the one-year limitations period started to run on June 6, 2011, and expired one year later. As Distance filed the instant Petition on July 22, 2012,[1] it is untimely. Absent any demonstration why principles of equitable tolling apply or the Motion is otherwise timely, *see Holland v. Florida*, _ U.S. _, 130 S. Ct. 2549, 2560 (2010) (noting the one-year limitation period is subject to equitable tolling), the Motion will be dismissed as untimely.

Pursuant to Rule 11(a) of the "Rules Governing Section 2255 Cases," this Court declines to issue a Certificate of Appealability because Petitioner has not made a substantial showing of a denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); *Slack v. McDaniel*, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right). A separate Order follows.

<u>January 22, 2013</u>   _____/S/_____
Date                                        RICHARD D. BENNETT
                                            UNITED STATES DISTRICT JUDGE

---

[1] Distance signed the Petition (ECF No. 91) on July 22, 2012. For the purpose of assessing timeliness, this Court deems the Motion filed on the date it was delivered to prison officials for mailing. *See Houston v. Lack*, 487 U.S. 266 (1988); *United States v. Dorsey*, 988 F. Supp. 917, 919-920 (D. Md. 1998).